# IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| SEAN JOHNSON, | § | |
| | § | No. 699, 2015 |
| Defendant Below, | § | |
| Appellant, | § | Court Below–Superior Court of |
| | § | the State of Delaware |
| v. | § | |
| | § | Cr. ID Nos. 1405011596 |
| STATE OF DELAWARE, | § | 1407008226 |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: April 14, 2016
Decided: June 16, 2016

Before **VALIHURA**, **VAUGHN** and **SEITZ**, Justices.

### ORDER

This 16th day of June 2016, upon consideration of the appellant's opening brief, the State's motion to affirm, and the Superior Court record, it appears to the Court that:

(1) On October 8, 2014, the appellant, Sean Johnson, pled guilty to two counts of Theft of a Senior. Johnson was sentenced to a total of five years at Level V suspended for two years of Level IV residential substance abuse treatment that was suspended, upon successful completion of the treatment program, for Level III treatment aftercare and probation.

(2) This appeal is from Johnson's December 8, 2015 conviction and sentence on a charge that he violated his Level III probation. The State has filed a

motion to affirm the Superior Court judgment on the ground that it is manifest on the face of Johnson's opening brief that the appeal is without merit. We agree and affirm.

(3) Johnson's December 8 conviction was the second time he was found guilty of violating his Level III probation. Johnson's first violation of probation ("VOP") followed a violation report dated August 31, 2015, alleging that he was discharged from Level III treatment aftercare after he failed to report to probation as required and tested positive for drugs three times. On September 4, 2015, Johnson was found guilty of VOP and sentenced to four years at Level V suspended for Level III probation and treatment monitoring.

(4) Johnson's second VOP followed a violation reporting dated September 21, 2015, again alleging that he had failed to report to probation and for treatment monitoring. On September 22, 2015, the Superior Court issued a capias, which was returned on November 3, 2015. Johnson posted bond on November 16 and was released pending the VOP hearing on December 8, 2015.

(5) Johnson and Johnson's probation officer testified at the December 8 VOP hearing. Through counsel, Johnson admitted that he failed to report to probation and for treatment monitoring, but he explained that the failure to report was due, in part, to his hospitalization at Dover Behavioral Health for sixteen days. Johnson also explained that since getting bonded out on November 16, he had been

2

going to probation and had acquired a full-time job. Johnson asked the court to consider sentencing him to home confinement to allow him to continue working and to care for his children. Johnson's probation officer testified next, summarizing Johnson's drug use and history of failing to report to probation and to cooperate with treatment monitoring. The probation officer told the court that he had received several calls from family members concerned for the welfare of Johnson's children given Johnson's ongoing drug use. The probation officer suggested to the court that Johnson needed inpatient drug treatment.

(6) After hearing from Johnson and the probation officer, the Superior Court adjudged Johnson guilty of VOP and sentenced him to a total of four years at Level V suspended upon successful completion of the Level V Key Program for Level III probation. This appeal followed.

(7) On appeal, Johnson contends that the probation officer made "false accusations" at the December 8 hearing, which led to the Judge imposing a sentence with a "closed mind." According to Johnson, instead of focusing on the extenuating circumstances for the second VOP, namely his extended hospitalization at Dover Behavioral Health, and his accomplishments since getting bonded out, the Judge was swayed by the probation officer's alleged false factual statements concerning Johnson's drug use. Johnson's claim is without merit.

(8)     Appellate review of a VOP sentence is limited to determining whether the sentence is within statutory limits and "is based on factual predicates which are false, impermissible, or lack minimal reliability, judicial vindictiveness or bias, or a closed mind."[1]  When the sentence is within statutory limits, as the sentence is here, the Court will not find an abuse of discretion unless it is clear that the sentencing judge relied on impermissible factors or exhibited a closed mind.[2]  A judge sentences with a closed mind when the sentence is based on a preconceived bias without consideration of the nature of the offense or the character of the defendant.[3]  A judge must have an open mind for receiving all information related to the question of mitigation.[4]

(9)     In Johnson's case, the transcript of the VOP hearing reflects that the Superior Court considered the nature of the violation, *i.e.*, Johnson's failure to report to probation and for treatment monitoring, both of which Johnson admitted, as well as Johnson's explanation in mitigation of the violations.  The court also considered that this was Johnson's second violation for failure to report and the second time Johnson had requested that the court impose a sentence that allowed him to remain at home while receiving drug treatment.  Johnson did not object to

---

[1] *Weston v. State*, 832 A.2d 742, 746 (Del. 2003) (citing *Siple v. State*, 701 A.2d 79, 83 (Del. 1997); *Mayes v. State*, 604 A.2d 839, 842-43 (Del. 1992)).

[2] *Id.* (citing *Samuel v. State*, 1997 WL 317362, at *1 (Del. April 16, 1997)).

[3] *Id.* (citing *Ellerbe v. State*, 2000 WL 949625, at *1 (Del. May 11, 2000)).

[4] *Id.* (citing *Shelton v. State*, 744 A.2d 465, 513 (Del. 1999)).

or otherwise dispute any of the factual representations made by his probation officer. On this record, there is nothing to substantiate Johnson's claim on appeal that the sentence was based on false factual predicates or that the Judge sentenced him with a closed mind. Indeed, based on the record, the Superior Court's sentence requiring Johnson to complete drug treatment at Level V incarceration was entirely appropriate.

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED.

BY THE COURT:

_____
Justice